[Cite as *State ex rel. Banks v. Doe*, 2021-Ohio-3395.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO EX REL. DAJUAN
BANKS

      Petitioner

      v.

JOHN/JANE DOE, WILLOUGHBY
MUNICIPAL COURT, ET AL.

      Respondents

C.A. No.     21CA011746

ORIGINAL ACTION IN
HABEAS CORPUS

Dated:  September 27, 2021

PER CURIAM.

{¶1}  Petitioner DaJuan Banks has filed a petition for writ of habeas corpus asking this Court to order Respondent Keith Foley, Warden of Grafton Correctional Institution, to release him from prison.  Warden Foley, and the other respondents, moved to dismiss.  Because Mr. Banks' petition does not comply with the mandatory requirements of R.C. 2969.25, this Court must dismiss this action.

{¶2}  R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity.  All of the named respondents are government entities or employees and Mr. Banks, incarcerated in the Grafton Correctional Institution, is an inmate. R.C. 2969.21(C) and (D).  A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to

dismissal."). Mr. Banks failed to comply with the requirement that he file an affidavit of prior civil actions or appeals.

{¶3} An inmate must "file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A). The affidavit must include a "brief description of the nature of the civil action. R.C. 2969.25(A)(1). It must also include the "case name, case number, and the court in which the civil action was brought," R.C. 2969.25(A)(2), and the "name of each party to the civil action or appeal[.]" R.C. 2969.25(A)(3). Finally, the affidavit must set forth the "outcome of the civil action or appeal[.]" R.C. 2969.25(A)(4).

{¶4} Mr. Banks failed to file an affidavit of prior actions. He apparently served a copy of the affidavit on the respondents because two motions to dismiss argued that the affidavit he sent them does not comply with the requirements of R.C. 2969.25. The docket of this case, however, does not reflect that Mr. Banks *filed* an affidavit of prior civil actions. The affidavit of prior actions is also not attached to his petition. Because Mr. Banks failed to comply with the mandatory requirement to file an affidavit of prior actions or appeals, this Court must dismiss this action.

{¶5} Because Mr. Banks did not comply with the mandatory requirements of R.C. 2969.25, this case is dismissed. Costs are taxed to Mr. Banks. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

DAJUAN BANKS, Pro se, Petitioner.

CHARLES E. COULSON, Prosecuting Attorney, and MICHAEL L. DELEONE, Assistant Prosecuting Attorney, for Respondent Judge Condon.

MICHAEL C. LUCAS, Attorney at Law, for Respondent John/Jane Doe, Willoughby Municipal Court.

DAVE YOST, Attorney General, and JERRI L. FOSNAUGHT, Assistant Attorney General, for Respondent Warden Foley.